THE HOME BUILDING AND LOAN ASSOCIATION *v.* VAN PELT.

92  501<br>94 ·615

It was not held in *Van Pelt* v. *The Home Building & Loan Association,* 87 *Ga.* 370, that the transfer in writing of the claim sued upon would be a defence to the action, but that such transfer in connection with the other facts pleaded would be a defence. The burden of supporting the plea by evidence is upon the defendant. The court erred in holding that the amendment made to the declaration admitted the truth of the plea, and in directing a verdict for the defendant.                     *Judgment reversed.*
May 22, 1893.

Complaint. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1892.

The action was originally brought by the plaintiff as a corporation for indebtedness of Van Pelt upon a bond, for advances made to him by plaintiff of which association he was a member. The case was referred to an auditor who, in December, 1889, filed a report finding in favor of plaintiff. In April, 1890, defendant pleaded, in substance: The plaintiff began to issue stock to persons subscribing for the same under its by-laws, in a serial form, which stock was limited and not to exist and run to the full extent allowed by law or its charter, but until the stock reached by monthly payments of dues, interest and fines its ultimate value, and its members received that amount in cash. On November 26, 1888, plaintiff declared, by vote of the stockholders at a regular meeting held for the purpose, that all of the stock so issued had reached its ultimate value and that all of its members, on or before said day and year,

on the stock held by each, had reached the ultimate value of their stock, by reason of which and in pursuance of an article and section of its constitution and by-laws, the stock was cancelled.    The section referred to provided, that when each stockholder for each share of stock held should have received $200, or his unsatisfied obligations to that amount, his or her stock should be cancelled; provided that any stockholder who had obtained an advance should be debited in his account with the premium thereon.    By virtue of this action plaintiff was dissolved, and in the dissolution closed and wound up all the business pertaining to the sesries of said stock and stockholders, and as a part of its business, on the day named, sold and transferred in writing the claim held against defendant on which this suit is instituted, with others of like character, to Waldo, Stockdell and Hurt, without recourse, for $750.    The $750, with the proceeds of the sale of other claims of like character, before the final winding up and closing out of said series was paid into plaintiff's treasury, and by its proper officers equally distributed and paid out to each member as part of its assets.    In addition to the assets thus derived, the stockholders all received in money the full or ultimate value of their stock, for which the proper officer of plaintiff took receipts from each and all said members; by reason of which all said stock became and was cancelled.    Plaintiff, since November 26, 1888, and before, had issued no other stock or series of stock, by reason of which there are now and since November 26, 1888, [have been] no stockholders or members and no officers of plaintiff; wherefore defendant says plaintiff is dissolved and has no legal existence and cannot appear in its right against defendant, or for the use of Waldo, Stockdell and Hurt.    This plea was stricken on demurrer, and that ruling was reversed. 87 *Ga.* 370.

Afterward, plaintiff filed an amendment to its declaration, as follows : The corporation has never dissolved, nor has its board of directors been dissolved, but it is still in existence with president, board of directors and stockholders as they existed in December, 1888, prepared to exercise the powers granted by the charter. About the time the stock of the corporation was about reaching its ultimate value, the corporation found itself possessed of a large amount of assets that could not be divided out to its several stockholders, among these assets being several pieces of real estate and several pending suits. Plaintiff at a meeting of the stockholders adopted the auction sale referred to in the plea. The real estate was sold at the meeting to the highest bidder and the proceeds used, so far as they would go, in partial discharge of stock certificates held by stockholders against the association. There still remained quite a deficiency in the treasury, and there was not enough to bring the stock up to its full value, and there were a large number of stockholders owning small amounts of stock, with whom it would be impossible to settle until the termination of the various pending suits. The association announced the fact at the meeting, and at the meeting the proceeds that should result from the termination of said pending suits were put up at auction sale, which sale was in public. The title to the claims was not changed nor intended to be, and the association holds now exactly the same relation to said title as it always did. It expressly announced that there were pending suits, that it would proceed to pursue the suits to judgment, and that the proceeds would be held for the benefit of the stockholders, whoever they might be, who purchased at said auction sale. Hurt, Waldo and Stockdell at the sale became the owners of the proceeds expected to be realized from the pending suits, but after the sale was made there was still not enough money in

the treasury to bring the stock up to its ultimate value. The board of directors found it necessary to levy another monthly assessment, which was done, and from the proceeds of the assessment sufficient funds were realized to pay off all the smaller stockholders, leaving Hurt, Waldo and Stockdell and perhaps others unpaid, but who were to get their final payment from the proceeds of the pending suits in full satisfaction, no matter what might be the result of such suits. The foregoing was the real contract at the auction sale; the minutes of the association are not full and complete; and if any written agreement expresses a different contract, it is defective or erroneous. The sale took place in November, and in the following December the association, through its still existing board of directors, levied another assessment and adjourned subject to the call of the president. After the termination of these suits and collection of the same and the delivery of the proceeds to the present stockholders, the business of the corporation, as touching the present series of its stock, will have been complete, but not until then.

The defendant demurred generally to this amendment. The court held that no issue was made in the amendment, upon the averment in the plea that the claim in question had been transferred in writing. Thereupon plaintiff amended by adding that the real contract in all the details was as stated in the foregoing amendment; and that subsequently a memorandum was given by the association to Waldo, Hurt and Stockdell, showing what claims had been purchased by them, but the memorandum did not pretend to set out the full contract, and the transfer was in parol, and agreed to and complete without even an agreement to make a written transfer. The court ruled that the memorandum must be set out in substance or by copy; and plaintiff added the following: The only writing passing between the parties was that

set out in the auditor's report, a copy of which is at-attached. This was given long after the transfer, and not intended for anything but a memorandum. It does not set out the contract at all. The memorandum or transfer referred to was: " For value received the Home Building & Loan Association hereby transfer to H. C. Stockdell, Joel Hurt and A. L. Waldo, all the claims of said Home Building and Loan Association against the following parties, . . F. M. Van Pelt, . . ; said claims having arisen from said parties borrowing as members of said association." It was dated December 12, 1888, and signed by the association by its president and secretary and treasurer, under its seal. The court then announced that he would hold that the declaration as amended admitted defendant's plea, and under the decision of the Supreme Court, that the defendant was entitled to a verdict. Plaintiff then offered the following amendment: The alleged assignment of December 12, 1888, was not intended to pass the title to the claim, nor does it contain the whole contract between plaintiff and Waldo, Hurt and Stockdell, who were and are stockholders of the association and have never been settled with, nor has the association wound up its business. At the November, 1888, meeting of the stockholders, it was agreed in parol, between the association and Hurt, Waldo and Stockdell, that if they would pay the association $750, it would prosecute said suit for their benefit and the proceeds realized from the suit should be paid to them. Wherefore plaintiff prays that the suit may be allowed to proceed for their use. The court refused to allow this amendment, and directed the jury to find for defendant.

S. BARNETT and CANDLER & THOMSON, for plaintiff.
J. A. WIMPY, for defendant.